**Sherman RAY, Plaintiff,**

v.

**CITIBANK (SOUTH DAKOTA), N.A. and Citicorp Credit Services, Inc., Defendants.**

**Civil Action No. 3:99CV–697–S.**

United States District Court,
W.D. Kentucky,
at Louisville.

May 30, 2001.

John E. Spainhour, Givhan & Spainhour, Shepherdsville, KY, for plaintiff.

David B. Blandford, John Finley Menefee, Ackerson, Mosley & Yann, Louisville, KY, for defendants.

## MEMORANDUM OPINION

SIMPSON, Chief Judge.

This matter arises out of the defendants' alleged attempts to collect a debt owed by the plaintiff and is now before us on the defendants' motion for summary judgment. As grounds for their motion, the defendants, Citibank (South Dakota), N.A. ("Citibank") and Citicorp Credit Services, Inc. ("CCSI"), assert that: (1) as a matter of law, neither entity is covered by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692o; (2) the plaintiff, Sherman Ray ("Ray"), has failed to present a genuine issue of material fact with respect to his outrageous conduct claim; and (3) Ray has failed to present a genuine issue of material fact with respect to his libel and slander claims. These arguments, and Ray's responses thereto, will be discussed below.

## BACKGROUND

The record reflects the following relevant facts:

Ray became a Citibank Visa cardholder in 1985. Ray's wife, Reva, was also authorized to use the account. The outstanding balance on Ray's Visa account grew to be approximately $10,000 by July of 1996. Over a period of several months, Ray, both personally and through counsel, contacted Citibank, the card's issuer, and CCSI, an affiliated corporation which "provides various customer services and administrative functions to Citibank," regarding the account's balance, which, to some extent, he disputed. Defs.' Mot., Affidavit of Cathrine Hoben (DN 27). In August of 1996, Ray, through his attorney, mailed a check for $2,500 to Citibank. A statement on the back of the check stated that its "endorsement or negotiation" would fully satisfy the debt owed by the Rays and release them from further liability. *See* Compl., Ex. B.

In addition to these undisputed facts, Ray claims that Citibank's acceptance of his $2,500 payment fully satisfied any debt he owed either Citibank or CCSI. Despite this payment, Ray contends that for a period of several months, Citibank and CCSI repeatedly harassed the couple in their efforts to collect the remaining balance of the debt. *See* Compl. at ¶ 3.

This suit was originally filed in Bullitt Circuit Court. However, the defendants removed the matter to this court pursuant to 28 U.S.C. § 1441. *See* DN 1. Ray's Complaint states that the conduct of Citibank and CCSI violated the FDCPA, that it constitutes outrageous conduct, and that it constitutes libel and slander against him.[1] *See* Compl. at ¶ 4. Citibank has counterclaimed seeking to recover what it

claims is the outstanding balance on Ray's credit card account. *See* Answer and Countercl. (DN 2).

## STANDARD OF REVIEW

A motion for summary judgment will be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). According to the Supreme Court, the standard is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Faced with a motion for summary judgment, the nonmovant must come forth with requisite proof to support its legal claim, particularly where the opposing party has had an opportunity to conduct discovery. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In the Sixth Circuit, "[t]he mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir.1992) (quoting *Gregg v. Allen–Bradley Co.,* 801 F.2d 859, 863 (6th Cir.1986)). "[T]his standard requires a court to make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than *de minimis.*" *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir.1996).

---

1. Another defendant, Academy Collection Service, Inc., was named as a defendant in Ray's Complaint. However, Ray recently settled his claims against Academy, and, therefore, Academy is no longer a party to this suit. *See* Agreed Order of Dismissal (DN 30).

## DISCUSSION

■ The FDCPA is a consumer protection statute, the goal of which is "to protect consumers from unfair, deceptive and harassing collection practices while leaving collectors free to employ efficient, reasonable and ethical practices in pursuit of their profession." *Graziano v. Harrison*, 763 F.Supp. 1269, 1275 (D.N.J.1991). "Congress intended the Act to eliminate unfair debt-collection practices, such as late-night telephone calls, false representations, and embarrassing communications." *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 398 (6th Cir.1998).

■ Generally, the legislation regulates the method by which debt collectors go about their business. The statute regulates various aspects of the debtor/debt collector relationship including whom the debt collector may contact to acquire information about the debtor, when and where the debt collector may contact the debtor, and how the debt collector may communicate with the debtor. *See generally* 15 U.S.C. §§ 1692b–1692e. Therefore, the liability of both Citibank and CCSI under the FDCPA ultimately hinges upon whether they may be considered "debt collectors" as that term is defined in 15 U.S.C. § 1692a (6). If either defendant is not a debt collector under the FDCPA, then summary judgment in favor of that defendant will be proper. *See Aubert v. American General Finance, Inc.*, 137 F.3d 976, 980 (7th Cir.1998) (affirming district court's award of summary judgment to credit card issuer and affiliate because neither were debt collectors under FDCPA).

The FDCPA defines "debt collector" as: any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due

another. . . . The term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. . . . The term does not include ... (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts. . . .

15 U.S.C. § 1692a (6).

■ The statute's definition indicates that Citibank, as Ray's creditor, cannot be considered a debt collector under the FDCPA unless either: (1) the principal purpose of Citibank's business is the collection of debts; or (2) in the process of collecting its debt, Citibank used a name other than its own which would have indicated that a third person was attempting to collect Ray's debt.

It is undisputed that the principal purpose of Citibank's business is not the collection of debts. *See* Defs.' Mot., Affidavit of Cathrine Hoben (DN 27) at ¶ 3. Also, Ray does not claim that Citibank attempted to collect the debt using another name. Therefore, Citibank is not a debt collector under the FDCPA, and its motion for summary judgment will be granted with respect to Ray's FDCPA claim.

■ As noted above, CCSI provides "various customer services and administrative functions to Citibank." *Id.* at ¶ 5. One of those services is debt collection. *See id.* Therefore, CCSI may fall under that part of the definition of "debt collector" which includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or

who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a (6). However, the statute's definition of debt collector excludes "any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts...." Applying this definition to the facts with which we are presented, we find that CCSI is clearly not a debt collector under the FDCPA.

First, it is undisputed that CCSI's principal business is not debt collection. *See* Hoben Affidavit at ¶ 5. On the other hand, it is also clear that CCSI "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due [Citibank]." § 1692a (6). Nevertheless, the parties agree that CCSI and Citibank are "related by common ownership or affiliated by corporate control" and that CCSI only collects debts for Citibank. *See* Hoben Affidavit at ¶¶ 2–6. Therefore, CCSI is not covered by the FDCPA, and its motion for summary judgment will be granted with respect to Ray's FDCPA claim. As the Southern District of Georgia concluded in a case involving both Citibank and CCSI as defendants that involved claims nearly identical to those made by Ray:

CCSI is collecting debts for a creditor with whom it is related by corporate control under the Citicorp umbrella; CCSI's principal function is solicitation and marketing of credit accounts, not collections; and CCSI services only Citicorp affiliates. Moreover, excluding CCSI from the ambit of the [FDCPA] appears to fall within the rationale of the Act.

*Meads v. Citicorp Credit Services, Inc.,* 686 F.Supp. 330, 334 (S.D.Ga.1988). *See also Pavone v. Citicorp Credit Services, Inc.,* 60 F.Supp.2d 1040, 1046–48 (S.D.Cal. 1997).

The *Meads* court went on to conclude that neither CCSI nor Citibank was a debt collector for the purpose of the FDCPA and granted the defendants' motion for summary judgment with regard to the plaintiff's FDCPA claim. *See Meads* at 334. Having no reason to depart from that court's sound reasoning, and having not been presented with any evidence by Ray that either Citibank or CCSI fall under the FDCPA's definition of debt collector, we will grant the defendants' motion for summary judgment with respect to Ray's claim brought pursuant to the FDCPA.

In light of our disposition of the federal claim in this action, we decline to address the plaintiff's state law claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); 28 U.S.C. § 1367(c)(3).

## CONCLUSION

We will dismiss the plaintiff's Complaint to the extent it is based on the defendants' violation of the FDCPA. The remainder of the plaintiff's Complaint, as well as Citibank's Counterclaim, will be remanded to Bullitt Circuit Court for further proceedings. A separate order will be entered this date in accordance with this opinion.